**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Eric S. Levitt,<br><br>                Debtor | Chapter 7<br>Case No. 24-10035 |
| Francis Albert,<br><br>                Plaintiff<br>v.<br><br>Eric S. Levitt,<br><br>                Defendant | Adv. Proc. No. 24-1002 |

**MEMORANDUM OF DECISION**

Francis Albert's complaint fails to state a plausible claim for relief. For that reason, Eric Levitt's motion to dismiss the complaint will be granted.

**I.     The Complaint**

In the complaint, Albert seeks a determination that a debt owed to him by Levitt is excepted from discharge. The statute cited by Albert applies to a debt "for money . . . or an extension . . . of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud[.]" 11 U.S.C. § 523(a)(2)(A). The complaint paints a picture of false representation, based on the following allegations:

On September 14, 2021, Levitt executed a Memorandum of Understanding ("MOU"). "Pursuant to the express terms of the MOU," Albert advanced approximately $1.1 million to Levitt with the understanding that Levitt would use those funds to buy shares of stock in Square Robot, Inc. [Dkt. No. 1, ¶ 6]. The MOU provided that Levitt would repay Albert the advance

and thereafter split equally with Albert any profits from the Square Robot stock. "In executing the MOU[,]" Levitt "made representations that he knew were false, specifically that he would repay" the advance and split profits with Albert. Id. ¶ 12. "Levitt knew *that his representations set forth in the MOU* were false, and these representations were intended to deceive" Albert into making the advance. Id. ¶ 13 (emphasis added). "Albert reasonably relied on" these false representations in the MOU and suffered damage as a result. Id. ¶ 14. Levitt used the funds advanced to buy the Square Robot stock. However, Levitt has neither repaid Albert the advance, nor shared any profits from the Square Robot stock with Albert.

## II.     The Memorandum of Understanding

Although the MOU was not attached to the complaint, it is referenced in the complaint numerous times, it was filed as an exhibit to the motion to dismiss, and Albert has not contested its authenticity. The MOU, dated September 14, 2021, reveals that the advance predated the MOU. In pertinent part, the MOU states: "In late 2020 . . . Francis Albert advanced . . . to Eric Levitt ($1.1M) . . . for the purchase of Square Robot Series C Shares. The agreement being, [a]fter repayment of the amount advanced, any proceeds shall be split equally between Francis Albert and [Eric Levitt]. [Dkt. No. 6-1]. Albert's advance of money to Levitt and Albert's reliance on an express or implied representation regarding repayment both occurred in "late 2020," more than eight months before the MOU was executed.

## III.    The Legal Standards

"For the most part, a civil complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Rodi v. S. New England Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004) (quoting Fed. R. Civ. P. 8(a)(2)). However, allegations of fraud and false representation (a species of fraud) are subject to a different rule. See id. (labeling

"misrepresentation" a species of fraud).  A party alleging fraud "must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b).  This "specificity requirement extends only to the particulars of the allegedly misleading statement" – i.e., the "who, what, where, and when" of the false representation.  Rodi, 389 F.3d 15 (quotation marks omitted).  The other elements of a false representation claim, "such as intent and knowledge, may be averred in general terms."  Id. (citing Fed. R. Civ. P. 9(b)).

When challenged by a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the sufficiency of a complaint is evaluated under the familiar plausibility standard set forth in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The first step of the analysis involves separating wheat from chaff.  At this stage, the court generally accepts as true "all well-pleaded, non-conclusory facts set forth in the complaint" and draws "all reasonable inferences therefrom" in favor of the plaintiff.  Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538, 543 (1st Cir. 2021).  But this tenet of acceptance is "inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Ordinarily, the first step of the analysis starts and stops with the factual allegations made within the "four corners" of the complaint.  Young v. Lepone, 305 F.3d 1, 10-11 (1st Cir. 2002).  That said, when the factual allegations within those corners "are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings[.]" Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998).  In that case, the document is appropriately considered by the court in deciding the motion to dismiss.  Id.  And, when that happens, "any inconsistences between the

complaint and the [document] must be resolved in favor of the latter." Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002).

In the second step of the analysis, the court evaluates whether "the winnowed residue of factual allegations gives rise to a plausible claim[.]" Rodríguez-Reyes v. Molina- Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013). "A plausibility inquiry is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). Essentially, a "complaint states a plausible claim if the factual content permits the reasonable inference that the plaintiff is entitled to the relief" requested. Calais Reg'l Hosp. v. Anthem Health Plans of Me. (In re Calais Reg'l Hosp.), 616 B.R. 449, 453 (Bankr. D. Me. 2020). "The relevant inquiry focuses on the reasonableness of the inference . . . that the plaintiff is asking the court to draw" from the alleged facts. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011). Although a plaintiff need not establish a probability of success on the merits to survive a motion to dismiss, his pleading must do something more than demonstrate a possibility of such success. See Iqbal, 556 U.S. at 678. "It is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage." Rodríguez-Reyes, 711 F.3d at 54. And yet, the elements of the prima facie case inform the assessment. "Those elements are part of the background against which a plausibility determination should be made." Id.

As noted, the complaint here seeks a determination under 11 U.S.C. § 523(a)(2)(A) based on a false representation. Distilled to its elements, the claim requires proof that (1) "the debtor made a knowingly false representation or one made in reckless disregard of its truth"; (2) "the debtor intended to deceive"; (3) "the debtor intended to induce the creditor to rely upon the false statement"; (4) "the creditor actually relied upon the misrepresentation"; (5) "the creditor's

- 4 -

reliance was justifiable" and (6) "the reliance upon the false statement caused damage." McCrory v. Spigel (In re Spigel), 260 F.3d 27, 32 (1st Cir. 2001) (footnote omitted).

## IV. The Analysis

The complaint contains "a short and plain statement of the claim" but it does not "show that the pleader is entitled to relief" as required by Rules 8(a) and 12(b)(6). The pleading suggests that the actionable false representation – the one that Levitt made with the intent to induce Albert's reliance, and the one that Albert then relied on when he funded the advance – was the promise to repay the advance set forth in the 2021 MOU. But the MOU shows the sequence set forth in the complaint to be an impossibility. The MOU establishes that the advance was funded in 2020, before the MOU was executed. As Levitt points out in the motion to dismiss, Albert could not have relied on the representation contained in the MOU when he made the advance because the advance pre-dated the MOU. When read alongside the MOU, the pleading defies common sense. Because the record precludes a finding of reliance on the representation set forth in the MOU, dismissal is appropriate under Rule 12(b)(6). *See* Rodi, 389 F.3d at 16 (observing that although reliance is a fact-bound issue, when "the facts alleged in the complaint preclude a finding of . . . reliance" dismissal may be appropriate under Rule 12(b)(6)).

In an effort to save the complaint, Albert has come up with a new theory. In his objection to the motion to dismiss, Albert now states that when the advance was made, the parties had an agreement that Levitt would repay Albert (and later share profits with him), and that the MOU simply memorialized the terms of that agreement. In other words, Albert asserts, the false representation was made before the MOU, not in the MOU. This assertion is consistent with an inference that could be drawn from the MOU, but it is not consistent with Albert's complaint. And the Court will not save Albert from his own complaint. *Cf.* Ehle v. Brien (In re Brien), 208

- 5 -

B.R. 255, 257-58 (B.A.P. 1st Cir. 1997) (concluding that a party's assertion of additional facts in briefing did not rectify a deficient complaint).

Dismissal will enter without prejudice to a request to amend the complaint. Albert has already filed a motion to amend. *See* [Dkt. No. 20]. The Court will consider that motion in due course.

Dated: October 2, 2024

Michael A. Fagone
United States Bankruptcy Judge
District of Maine